**Michael E. Haglund**, OSB No. 772030
email: mhaglund@hk-law.com
**Julie A. Weis**, OSB No. 974320
email: jweis@hk-law.com
**HAGLUND KELLEY LLP**
200 SW Market Street, Suite 1777
Portland, Oregon 97201
Phone: (503) 225-0777
Facsimile: (503) 225-1257

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
(Medford Division)

| | |
|---|---|
| **MURPHY COMPANY**, an Oregon corporation; **MURPHY TIMBER INVESTMENTS, LLC**, an Oregon limited liability company,<br><br>       Plaintiffs,<br>   v.<br><br>**DONALD J. TRUMP**, in his official capacity as President of the United States of America; **KEVIN HAUGRUD**, in his official capacity as Acting Secretary of Interior, **U.S. DEPARTMENT OF INTERIOR**, and **BUREAU OF LAND MANAGEMENT**,<br><br>       Defendants. | Case No.:<br><br>**COMPLAINT**<br><br><br>**ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION.

1.     This case challenges the legality of President Barack Obama's Proclamation issued on January 12, 2017 expanding the boundaries of the Cascade-Siskiyou National Monument pursuant to the Antiquities Act of 1906. Proclamation 9564, which was published in the Federal Register on January 18, 2017, adds approximately 48,000 acres of federal land to the existing Cascade-Siskiyou National Monument. Pursuant to Proclamation 9564, the Secretary

**Page 1 –  COMPLAINT**

of the Interior is directed to manage these lands through the Bureau of Land Management as a unit of the National Landscape Conservation System under the same laws and regulations that apply to the rest of the monument.

2. Over 80% of the acres included within the monument expansion are O&C Lands which have been specially designated by Congress in the O&C Act of 1937 for the express purpose of "permanent forest production." The President's Proclamation changing the statutory purpose of O&C Lands from permanent timber production to the park-like preservation status of a national monument clearly violates the O&C Act and exceeds the scope of presidential authority under the Antiquities Act.

## JURISDICTION AND VENUE.

3. This Court has jurisdiction over the Antiquities Act and O&C Act claims in this action pursuant to 28 U.S.C. § 1331 and over plaintiffs' claims for declaratory and injunctive relief pursuant to 28 U.S.C. § 2201-2202. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because the lands included within the expansion of the Cascade-Siskiyou National Monument that are the subject of this action lie primarily in Oregon and predominantly within the Medford Division in this district.

## PARTIES.

4. Plaintiff Murphy Company is an Oregon corporation employing over 500 workers at four wood products manufacturing plants in Oregon and one in Washington. The Oregon facilities include a veneer plant in White City, a softwood plywood plant in Rogue River, a hardwood plywood plant in Eugene and a laminated veneer lumber ("LVL") facility in Sutherlin. In Washington, Murphy Company owns and operates a veneer plant in Elma.

Page 2 – COMPLAINT

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
200 SW MARKET STREET, SUITE 1777
PORTLAND, OR 97201
PL01--48969

5. Plaintiff Murphy Timber Investments, LLC is an Oregon limited liability company that owns 49,483 acres of timberland in southern Oregon, specifically Jackson, Josephine, Klamath and Douglas counties. Of these timberlands, a total of 2,101 acres are contained within the boundaries of the expansion of the Cascade-Siskiyou National Monument.

6. Defendant Donald J. Trump is the President of the United States of America. President Trump succeeded President Barack Obama, who issued Proclamation 9564 that is challenged in this litigation. Defendant Kevin Haugrud is the Acting Secretary of the Department of Interior and the official charged with administering the O&C Act and the Cascade-Siskiyou National Monument through its agency, the Bureau of Land Management ("BLM"). Defendant BLM manages all of BLM's timberlands in western Oregon including O&C Lands and the Cascade-Siskiyou National Monument.

## THE O&C ACT OF 1937 RESTRICTS USE OF O&C LANDS TO TIMBER PRODUCTION.

7. The O&C Act of 1937 requires that approximately 2.1 million acres of those federally owned timberlands in western Oregon be managed for permanent forest production on a sustained yield basis. The O&C Act specifically provides that the O&C Lands

> which have heretofore or may hereafter be classified as timberlands, and power-site lands valuable for timber, <u>shall be managed . . . for permanent forest production</u>, and the timber thereon shall be sold, cut, and removed in conformity with the principle of sustained yield for the purpose of providing a permanent source of timber supply, protecting watersheds, regulating stream flow, and contributing to the economic stability of local communities and industries, and providing recreational facilities.

43 U.S.C. § 1181a (emphasis added).

///

///

Page 3 – COMPLAINT

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
200 SW MARKET STREET, SUITE 1777
PORTLAND, OR 97201
PL01--48969

8. In two cases, the Ninth Circuit Court of Appeals has ruled that Congress designated timber production as the primary use of O&C Lands. <u>Headwaters v. BLM, Medford Dist.</u>, 914 F.2d 1174, 1184 (9th Cir. 1990) (holding that timber production is the "dominant use" of O&C Lands); <u>O'Neal v. United States</u>, 814 F.2d 1285, 1287 (9th Cir. 1987) (there is nothing in the O&C Act to "suggest that wildlife habitat conservation or conservation of old growth forest is a goal on a par with timber production, or indeed that it is a goal of the O&C Act at all.").

## O&C LANDS DESIGNATED BY CONGRESS FOR TIMBER PRODUCTION ARE EXEMPT FROM RESERVATION UNDER THE ANTIQUITIES ACT

9. In 1940, when President Roosevelt was considering expanding the Oregon Caves National Monument, the Secretary of Interior sought a legal opinion from its Office of the Solicitor as to whether the President had the authority to include O&C Lands in the monument expansion. In concluding that the President had no such authority, the Solicitor discussed the clear purpose established for the O&C Lands by Congress:

> Congress directed that certain lands (those heretofore or hereafter classified as timberlands and power-site lands valuable for timber) be managed 'for permanent forest production and the timber thereon shall be sold, cut, and removed in conformity with the principle of sustained yield.' . . . It is clear from the foregoing that Congress has specifically provided a plan of utilization of the Oregon and California Railroad Company revested lands. This plan among other things involves the disposal of lands and timber and the distribution of the moneys received from such disposition. <u>It must be concluded that Congress has set aside the lands for the specific purpose.</u>

Solicitor's Opinion M. 30506, 2-3 (Mar. 1940) (emphasis added).

10. The Solicitor then turned to the land management options under the Antiquities Act, which severely limits any timber harvest in national monuments to insect and disease

///

Page 4 – COMPLAINT

control. Given the clear conflict between the timber production purpose of the O&C Act and the preservation purpose of the Antiquities Act, the Solicitor reached the following unequivocal conclusion:

> There can be no doubt that the administration of the lands for national monument purposes would be inconsistent with the utilization of the O. and C. lands as directed by Congress. It is well settled that where Congress has set aside lands for a specific purpose the President is without authority to reserve the lands for another purpose inconsistent with that specified by Congress. [citation omitted] In my opinion, therefore, the President is not authorized to include the Oregon and California Railroad Company revested lands in the Oregon Caves National Monument.

*Id.* at 3-4.

## FIRST CLAIM FOR RELIEF

11. Plaintiffs reallege paragraphs 1 through 10.

12. Plaintiff Murphy Company's Oregon operations are dependent upon timber harvest from public forests in southern Oregon for approximately half of their annual raw material needs. These public timber sources include timber sales purchased by plaintiff from the U.S. Forest Service, BLM, the Oregon Department of Forestry and Josephine County. On average, timber harvested from lands managed by BLM, including O&C Lands, account for over 20% of this volume. Permanent removal of over 40,000 acres of O&C Lands from the timberland base managed by BLM will harm Murphy Company by reducing the supply of timber sold annually by BLM, which jeopardizes plaintiff's log supply and the jobs of over 400 employees at its four Oregon manufacturing plants.

13. In 2014, plaintiff Murphy Company purchased the Howard Timber sale from BLM with an advertised volume of 3.5 million board feet. The Howard Timber Sale is entirely a thinning operation designed to address overstocked stands on 613 acres that pose significant

Page 5 – COMPLAINT

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
200 SW MARKET STREET, SUITE 1777
PORTLAND, OR 97201
PL01--48969

wildfire risk. This timber sale is currently being harvested on O&C Lands both within and outside the expansion of the Cascade-Siskiyou National Monument. Unless Proclamation 9564 is vacated as illegal, plaintiff Murphy Company will no longer have the opportunity to purchase BLM timber sales on over 40,000 acres of O&C Lands within the Monument expansion that were specifically designated for permanent timber production by Congress.

14. The expansion of the Cascade-Siskiyou National Monument has already caused BLM to withdraw the Griffen Moon Timber Sale, a thinning sale that included 4.0 million board feet, to be withdrawn from BLM's scheduled timber sale offerings in the third quarter of 2017. BLM has not identified any timber sale to replace the lost volume from the Griffen Moon Timber Sale, which represented 15% of the annual timber sale volume for BLM's Medford District in Fiscal Year 2017.

15. Plaintiff Murphy Timber Investments, LLC owns 2,101 acres of timberland in the expanded Cascade-Siskiyou National Monument that is largely surrounded by O&C Lands. Murphy Timber Investments, LLC also owns 1,869 acres that are immediately adjacent to the boundaries of the Monument expansion. Based upon the experience of timberland owners in the original Cascade-Siskiyou National Monument, the value and productivity of timberland declines significantly whenever private timberlands are included within the boundaries of a national monument.

16. Unless Proclamation 9564 expanding the Cascade-Siskiyou National Monument is vacated as illegal, Murphy Timber Investments, LLC will suffer the following losses:

    a.    Loss of access needed to efficiently manage its timberlands as a result of BLM decommissioning or abandoning roads to which plaintiff has rights pursuant to reciprocal right-of-way agreements between BLM and plaintiff; and

Page 6 – COMPLAINT

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
200 SW MARKET STREET, SUITE 1777
PORTLAND, OR 97201
PL01--48969

  b. Substantial increased risk of catastrophic loss through wildfires that begin on adjacent O&C Lands that, if managed as a national monument, will not be thinned to address the risk of catastrophic wildfire.

17. The O&C Lands were set aside for a specific purpose – timber production – in the O&C Act to generate valuable resources and to support local communities through the contribution of 50% to 75% of all timber sale proceeds to the county in which the timber harvest occurs. Pursuant to that statutory mandate, the Secretary of Interior is required to manage O&C Lands for permanent forest production consistent with sustained yield principles.

18. Proclamation 9564 permanently removes over 40,000 acres of O&C Lands from sustained yield timber production. This redesignation of productive forestland for permanent preservation in a national monument violates the Congressionally designated timber production purpose of the O&C Lands set out in the O&C Act as demonstrated by Ninth Circuit precedent and opinions issued by the Office of the Solicitor for the Department of Interior.

19. Since 1937, when Congress set aside the O&C Lands for permanent timber production, the President has had no authority to include those lands within a national monument under the Antiquities Act of 1906. Proclamation 9564 violates the O&C Act and exceeds the authority granted to the President in the Antiquities Act.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment as follows:

1. A declaration that Proclamation 9564 violates the O&C Act and the Antiquities Act;

2. An order vacating Proclamation 9564 to the extent that it includes O&C Lands and enjoining defendants from managing those lands except pursuant to the O&C Act; and

///

Page 7 – COMPLAINT

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
200 SW MARKET STREET, SUITE 1777
PORTLAND, OR 97201
PL01--48969

3.  Granting plaintiffs such other relief as the Court deems just and equitable.

DATED this 17th day of February, 2017.

        HAGLUND KELLEY LLP

        By: *Michael E. Haglund* (signature)
        Michael E. Haglund, OSB No. 772030
        haglund@hk-law.com
        Julie A. Weis, OSB No. 974320
        jweis@hk-law.com
        Attorneys for Plaintiffs

Page 8 – COMPLAINT

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
200 SW MARKET STREET, SUITE 1777
PORTLAND, OR 97201
PL01--48969