IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MURPHY COMPANY, an
Oregon Corporation; and MURPHY
TIMBER INVESTMENTS, LLC, an
Oregon limited liability company,                    Case No. 1:17-cv-00285-CL

                    Plaintiffs,                                   ORDER

        v.

DONALD J. TRUMP, in his
official capacity as President
of the United States of America;
KEVIN HAUGRUD, in his official
capacity as Acting Secretary
of Interior; U.S. DEPARTMENT OF
INTERIOR; and U.S. BUREAU OF
LAND MANAGEMENT,

                    Defendants.

_____

CLARKE, Magistrate Judge.

        This matter comes before the Court on a Motion to Intervene (#5) filed by Soda

Mountain Wilderness Council, Klamath-Siskiyou Wildlands Center, Oregon Wild, and the

Wilderness Society (collectively, "intervenors"). Intervenors seek intervention as of right under

Federal Rule of Civil Procedure 24(a)(2), or alternatively, seek permissive intervention under

Page 1 – ORDER

Federal Rule of Civil Procedure 24(b)(2). For the reasons discussed below, the motion is GRANTED, and intervenors are hereby joined as defendants to this case.

## BACKGROUND

Plaintiffs originally filed this action on February 17, 2017. Plaintiffs' action challenges Presidential Proclamation No. 9564, 82 Fed. Reg. 6,145 (Jan. 12, 2017). Proclamation No. 9564 expanded the boundaries of the Cascade-Siskiyou National Monument by approximately 48,000 acres and was issued pursuant to the President's authority under the Antiquities Act of 1906. Over 80 percent of the expanded acreage was, prior to the expansion, Oregon and California Lands ("O&C" Lands). Plaintiffs contend the Proclamation unlawfully changed its designation and accompanying statutory purpose from "permanent timber production to the park-like preservation status of a national monument." Compl., at 2, ¶ 2 [ECF No. 1.]. Plaintiffs argue this designation violated the O&C Act and exceeded the scope of the President's authority under the Antiquities Act.

Intervenors are non-profit environmental organizations who have been actively involved in the movement to protect, preserve, and expand the Cascade-Siskiyou National Monument. Group members have, among other things, spoken with former administration officials, public officials, and federal agencies about the planned expansion; engaged in the public comment process as it pertained to the planned expansion; and collaborated with and engaged stakeholders in an effort to better protect the land that is now part of the expanded Monument. *See*, *e.g.*, Willis Decl. ¶¶ 4-18; Sexton Decl. ¶ 26; Vaile Decl. ¶¶ 9-14; Harris Decl. ¶ 6; Culver Decl. ¶¶ 5-7. Intervenors argue that their organizations have expended a great amount of time and resources to advance the expansion of the Cascade-Siskiyou National Monument and if plaintiffs' prayer for relief is granted, they will suffer an injury-in-fact.

Plaintiffs do not oppose intervenors' motion. Mot. to Intervene, at 1 (ECF No. 5.). Federal defendants take no position, but "note that a change in Administration is not a factor the court should consider in ruling on a motion to intervene. . . ." Fed. Defs.' Response to Mot. to Intervene, at 2 [ECF No. 11.].

## DISCUSSION

### I.    Intervention as of Right

Rule 24(a)(2) provides in relevant part that:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Rule 24 is to be liberally construed in favor of the party seeking intervention, *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003), because "'a liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts.'" *Wilderness Soc'y. v. U.S. Forest Service*, 630 F.3d 1173, 1179 (9th Cir.2011) (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002)); *see also In re Estate of Ferdinand E. Marcos Human Rights Litig.*, 536 F.3d 980, 985 (9th Cir.2008) ("the requirements for intervention are broadly interpreted in favor of intervention").

When analyzing a motion to intervene as of right under Rule 24(a)(2), this Court applies a four-part test:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc'y*, 630 F.3d at 1177 (internal citations and quotations omitted). In applying this test, "courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

### A. Timeliness

In assessing timeliness, the Court weighs three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Orange Cty. v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986) (citing *United States v. State of Oregon*, 745 F.2d 550, 552 (9th Cir. 1984)). Here, Intervenors filed their motion in a timely manner. Indeed, intervenors' motion was filed one week after plaintiffs initiated this lawsuit and before federal defendants filed an answer or response of any kind. Hence, intervenors' motion was made at an early stage in the proceedings, and the parties will suffer no prejudice, disruption, or delay from the grant of intervention. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (holding that a motion to intervene as of right was timely and would not cause prejudice, disruption, or delay in the proceedings when the applicants filed their motion less than three months after the complaint was filed and less than two weeks after the answer was filed).

### B. Significantly Protectable Interests

An applicant seeking intervention has a "significantly protectable interest" in an action if:

> (1) it asserts an interest that is protected under some law, and (2) there is a "relationship" between its legally protected interest and the plaintiff's claims. The relationship requirement is met if the resolution of the plaintiff's claims actually will affect the applicant. The "interest" test is not a clear-cut or bright-line rule, because no specific legal or equitable interest need be established. Instead, the

> "interest" test directs courts to make a practical, threshold inquiry, and is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.

*In re Estate of Ferdinand*, 536 F .3d at 984-85 (quoting *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002)).

Additionally, the Ninth Circuit has held that a public interest group may have a significantly protectable interest for purposes of intervention in an action challenging the legality of a measure it has supported, *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir.1995) (citing *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir.1983); *Washington State Bldg. & Constr. Trades Council v. Spellman*, 684 F.2d 627, 630 (9th Cir. 1982), *cert. denied*, *Don't Waste Washington Legal Defense Found. v. Washington*, 461 U.S. 913 (1983)), but the group must have more than "an undifferentiated, generalized interest in the outcome of an ongoing action. . . ." *Lynch*, 307 F.3d at 803, (quoting *Pub. Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 205 (1st Cir.1998)).

Intervenors have a significantly protectable interest in this action. In *United States v. Carpenter*, 526 F.3d 1237, 1240 (9th Cir. 2008), the Ninth Circuit explained that wilderness conservation groups had a significantly protectable interest in the action "because they had the requisite interest in seeing that the [affected] wilderness area be preserved for the use and enjoyment of their members." Here, as in *Carpenter*, intervenors clearly state a demonstrable interest in seeing that the expansion of the Cascade-Siskiyou National Monument be preserved for the use and enjoyment of their many members nationwide. *See*, *e.g.*, Willis Decl. ¶ 38; Sexton Decl. ¶ 26; Moy Decl. ¶ 11; Vaile Decl. ¶¶ 18-19; Maitke Decl. ¶ 4; Cooper Decl. ¶¶ 5-7; Parker Decl. ¶ 9; Keller Decl. ¶¶ 13-15; Culver Decl. ¶¶ 9-12. This concrete interest in the preservation of the Monument will be directly impacted by this litigation, which seeks an order

vacating the Monument expansion, "to the extent that it includes O&C Lands. . . ." Compl., P.7, ¶ 2. Accordingly, intervenors have satisfied the second requirement for intervention as of right.

## C. Disposition of the Action and Impairment of the Interest

If a proposed intervenor "'would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'" *Berg*, 268 F.3d at 822 (quoting Fed.R.Civ.P. 24 Advisory Committee Notes). The court's analysis focuses on the "*future* effect pending litigation will have on" the intervenors' interests. *Palmer v. Nelson*, 160 F.R.D. 118, 122 (D. Neb. 1994) (emphasis in original). Notably, "the question of impairment is not separate from the existence of an interest," *Nat. Res. Def. Council, Inc., v. U.S. Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978), and "[g]enerally, after determining that the applicant has a protectable interest, courts have 'little difficulty concluding' that the disposition of the case may affect such interest." *Jackson v. Abercrombie*, 282 F.R.D. 507, 517 (D. Haw. 2012) (citing *Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006).

Thus, here, "[h]aving found that the Intervenors have a significantly protectable interest in the practical protections offered by [Proclamation No. 9564], it naturally follows that the invalidation of [Proclamation No. 9564] would impair those interests. *Syngenta Seeds, Inc. v. Cty. of Kauai*, No. Civ. 14-00014 BMK, 2014 WL 1631830, at *5 (D. Haw. Apr. 23, 2014).

## D. Adequacy of Representation

The fourth prong of Rule 24, pertaining to the inadequacy of representation, is satisfied "if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (internal citations omitted); *see also Arakaki*, 324 F.3d at 1086.

Notwithstanding this generally permissive rule, a rebuttable presumption of adequate representation arises where an existing party and the applicant for intervention "share the same ultimate objective," *Citizens for Balanced Use*, 647 F.3d at 898, or where "the government is acting on behalf of a constituency that it represents." *Arakaki*, 324 F.3d at 1086 (internal citations omitted). Where a presumption of adequate representation arises, the applicant must make a "compelling showing" to the contrary. *Citizens for Balanced Use*, 647 F.3d at 898 (internal citations and quotations omitted).

In evaluating the adequacy of representation, the Court examines three factors:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 952 (9th Cir. 2009) (citing *Arakaki*, 324 F.3d at 1086). In analyzing these factors, the adequacy or inadequacy of representation is judged by analysis of the existing parties, not by the qualifications of counsel retained by the parties. *Watt*, 713 F.2d at 529.

The Ninth Circuit has held the presumption of adequacy may be overcome where the intervenors have "more narrow, parochial interests" than the existing party, or where "the applicant asserts a personal interest that does not belong to the general public." *Forest Conservation Council v. U.S. Forest Service*, 66 F.3d 1489, 1499 (9th Cir. 1995) (internal citations and quotations omitted), *abrogated on other grounds by Wilderness Soc'y*, 630 F.3d 1173 (9th Cir. 2011).

As discussed above, intervenors adequately demonstrate a concrete interest in seeing that the expansion of the Cascade-Siskiyou National Monument area be preserved for the use and

enjoyment of their members. While the federal defendants have an interest in defending the legality of the ordinance, the federal defendants' broader interests impair their ability to adequately represent intervenors' much narrower interest. Indeed, federal defendants are tasked with enforcing an entire regulatory scheme, and to do so in the public interest. *People for Ethical Treatment of Animals v. Babbitt*, 151 F.R.D. 6, 8 (D.C. Cir. 1993). Intervenors, by contrast, seek to protect a narrow interest not necessarily shared by the public as a whole—namely, to preserve the expanded area of the Cascade-Siskiyou National Monument for their members' aesthetic and recreational values. *Forest Conservation Council*, 66 F.3d at 1499; *see also Dimond v. District of Columbia*, 792 F.2d 179, 193 (D.C. Cir. 1986) (holding that a government entity who is charged with representing the public interest of all of its citizens has a broader interest than an applicant seeking a narrower "parochial" interest not shared by all citizens).

Accordingly, while federal defendants and intervenors undoubtedly have a congruence of interests as to some aspects of this litigation, there is no guarantee that federal defendants' much broader interests will adequately represent the narrower interests shared by intervenors. "[I]ntervention of right does not require an absolute certainty that a party's interests will be impaired or that existing parties will not adequately represent its interests," only that there may be a divergence of interests. *Citizens for Balanced Use*, 647 F.3d at 900. As such, intervenors have overcome the presumption of adequacy and have sufficiently shown that their representation may be inadequate.

Liberally construing Rule 24(a), then, the Court finds that the intervenors have met the test for intervention as a matter of right.

/ / /

/ / /

## II. Permissive Intervention

Permissive intervention under Rule 24(b) requires only that an intervenor's claim or defense share a common question of law or fact with the main action and that the intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(b); *see also Kootenai Tribe v. Veneman*, 313 F.3d 1094, 1111 (9th Cir. 2002), *abrogated on other grounds by Wilderness Soc'y*, 630 F.3d 1173. If the common question of law or fact is shown, intervention is discretionary with the Court. *Id.* (noting permissive intervention was appropriate because "the presence of intervenors would assist the court in its orderly procedures leading to the resolution of this case, which impacted large and varied interests").

The Court finds that even if the intervenors have not met the test for intervention as a matter of right, the intervenors' claims and defenses share a common question of law or fact with the main action—specifically, the legality of Proclamation No. 9564—and the intervention will not unduly delay or prejudice the adjudication of the original parties' rights—as stated, intervenors' motion was filed one week after plaintiffs initiated this lawsuit and before federal defendants filed an answer or response of any kind. Moreover, intervenors have agreed to "comply with all court-ordered briefing schedules to serve the interest of efficiency." Mot. to Intervene, at 8. The Court thus finds no risk of delay or prejudice to the parties. Hence, even if the intervenors were not entitled to intervention as a matter of right, the Court would exercise its discretion and allow permissive intervention in this case.

/ / /

/ / /

/ / /

/ / /

Page 9 – ORDER

**ORDER**

The Motion to Intervene (#5) is hereby GRANTED.  Intervenors shall file an Answer to

Plaintiffs' Complaint no later than April 4, 2017.

IT IS SO ORDERED and DATED this _____14_____ day of March, 2017.

MARK D. CLARKE
United States Magistrate Judge