SUSAN JANE M. BROWN (OSB #054607)
Western Environmental Law Center
4107 N.E. Couch Street
Portland, OR 97232
(503) 914-1323 | Phone
(541) 485-2457 | Fax
brown@westernlaw.org

KRISTEN L. BOYLES (WSB #23806)
*Admission Pro Hac Vice*
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA 98104
(206) 343-7340 | Phone
(206) 343-1526 | Fax
kboyles@earthjustice.org

*Attorneys for Defendant-Intervenors*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| **MURPHY COMPANY**, and **MURPHY TIMBER INVESTMENTS, LLC**<br><br>      Plaintiffs,<br><br> v.<br><br>**DONALD J. TRUMP, KEVIN HAUGRUD, U.S. DEPARTMENT OF INTERIOR,** and **BUREAU OF LAND MANAGEMENT,**<br><br>      Defendants,<br><br>and<br><br>**SODA MOUNTAIN WILDERNESS COUNCIL, KLAMATH-SISKIYOU WILDLANDS CENTER, OREGON WILD,** and **THE WILDERNESS SOCIETY,**<br><br>      Defendant-Intervenors. | Case No. 1:17-cv-00285-CL<br><br>**ANSWER OF DEFENDANT-INTERVENORS SODA MOUNTAIN WILDERNESS COUNCIL, *ET AL.*, TO COMPLAINT** |

On February 17, 2017, Murphy Company and Murphy Timber Investments, LLC ("Murphy Timber") filed a Complaint in this action for declaratory and injunctive relief alleging a violation of law by President Donald J. Trump, the Department of the Interior, and the Bureau of Land Management.  Defendant-intervenors Soda Mountain Wilderness Council, Klamath-Siskiyou Wildlands Center, Oregon Wild, and The Wilderness Society have intervened in this matter.  Pursuant to Federal Rule of Civil Procedure 24(c), defendant-intervenors submit this Answer.  The numbered paragraphs in this Answer correspond to those contained in Murphy Timber's Complaint.

## INTRODUCTION

1. Paragraph 1 of the Complaint characterizes Murphy Timber's case and contains legal conclusions to which no response is required.  While the first two sentences contain factual information, defendant-intervenors deny the remaining sentences.

2. The allegations in the first sentence of paragraph 2 purport to characterize the Oregon and California Railroad Grant Lands Act of 1937 ("O&C Act"), which is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.  The allegations in the second sentence are denied.

## JURISDICTION AND VENUE

3. Defendant-intervenors admit that jurisdiction and venue is proper.

## PARTIES

4. Defendant-intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations.

5. Defendant-intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations.

6. Admit.

## THE O&C ACT OF 1937 RESTRICTS USE OF O&C LANDS TO TIMBER PRODUCTION

7. The allegations in paragraph 7 purport to characterize the O&C Act which is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

8. The characterization and interpretation of the Ninth Circuit Court of Appeals case law discussed in paragraph 8 is denied.

## O&C LANDS DESIGNATED BY CONGRES FOR TIMBER PRODUCTION ARE EXEMPT FROM RESERVATION UNDER THE ANTIQUITIES ACT

9. Defendant-intervenors admit that the Office of the Solicitor issued an opinion in 1940; that document is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied; defendant-intervenors also aver that this presentation of O&C Act interpretation and application is incomplete and therefore further deny.

10. Defendant-intervenors admit that the Office of the Solicitor issued an opinion in 1940; that document is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied; defendant-intervenors also aver that this presentation of O&C Act interpretation and application is incomplete and therefore further deny.

## FIRST CLAIM FOR RELIEF

11. No answer required.

12. Defendant-intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the first, second, and third sentences. The allegations in the fourth sentence are denied.

13. Defendant-intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence. The allegations in the second sentence are denied. Defendant-intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence. The allegations in the fourth sentence are denied.

14. Defendant-intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations.

15. Defendant-intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences. The allegations in the third sentence are denied.

16. Deny.

17. The allegations in paragraph 17 purport to characterize the O&C Act which is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

18. Deny; the allegations in paragraph 18 mischaracterize Proclamation 9564, the O&C Act, Ninth Circuit precedent, and the several opinions issued by the Office of the Solicitor for the Department of the Interior.

19. Deny.

**PRAYER FOR RELIEF**

The remainder of Murphy Timber's Complaint constitutes its requests for relief to which no response is required. Defendant-intervenors aver that plaintiff is not entitled to relief on the First Claim for Relief, and the Court should dismiss that claim with prejudice.

## GENERAL DENIAL

Defendant-intervenors deny any allegations of the Complaint, whether express or implied, that are not expressly admitted or qualified in this Answer.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief may be granted.

*     *     *

Defendant-intervenors deny that plaintiff is entitled to the relief prayed for, or to any relief whatsoever, and request that this action be dismissed with prejudice, that judgment be entered for defendant-intervenors, that the Court grant defendant-intervenors their costs of suit, and that the Court order such other and further relief as the Court may allow.

Dated: March 15, 2017                    Respectfully submitted,

*/s/ Susan Jane M. Brown*
SUSAN JANE M. BROWN (OSB #054607)
Western Environmental Law Center
4107 N.E. Couch Street
Portland, OR  97232
(503) 914-1323 | Phone
(541) 485-2457 | Fax
brown@westernlaw.org

KRISTEN L. BOYLES (WSB #23806)
*(Pending Pro Hac Vice Admission)*
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340 | Phone
(206) 343-1526 | Fax
kboyles@earthjustice.org

*Attorneys for Defendant-Intervenor-Applicants*


## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2017, I electronically filed the foregoing *Answer of Defendant-Intervenors Soda Mountain Wilderness Council, et al., To Complaint* with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants, including the following:

Michael E. Haglund
Julie A. Weis
Haglund Kelley LLP
200 SW Market Street
Suite 1777
Portland, OR  97201
Phone: (503 225-0777
Email:  haglund@hk-law.com
            jweis@hk-law.com

*Attorneys for Plaintiff*

David B. Glazer (D.C. 400966)
Natural Resources Section, Environment & Natural Resources Division
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California 94105
Ph: (415) 744–6491
Fax: (415) 744-6476
Email: david.glazer@usdoj.gov

*Attorney for Defendants*

                                          */s/ Susan Jane M. Brown*
                                          Susan Jane M. Brown