IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MURPHY COMPANY;
MURPHY TIMBER
INVESTMENTS LLC,

      Plaintiffs,

   v.

DONALD J. TRUMP; KEVIN
HAUGRUD; BUREAU OF LAND
MANAGEMENT; UNITED STATES
DEPARTMENT OF THE
INTERIOR,

      Defendants,

   v.

SODA MOUNTAIN
WILDERNESS COUNCIL;
KLAMATH-SISKIYOU
WILDLANDS CENTER;
OREGON WILD; WILDERNESS
SOCIETY,

      Intervenor-Defendants

No. 1:17-cv-00285-CL

**ORDER**

_____

McSHANE, District Judge.

Magistrate Judge Mark D. Clarke has filed a Report and Recommendation, ECF No. 65, concerning cross motions for summary judgment filed in this case, ECF Nos. 39, 42, 44. Plaintiffs have filed Objections to the Report and Recommendation, ECF No. 71, and Defendants and Intervenor-Defendants have filed Responses, ECF Nos. 77, 78. The Court has reviewed the file of this case *de novo*. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The Court has given this matter *de novo* review and finds no error with respect to Plaintiffs' Objections.

Intervenor-Defendants have also filed a partial Objection, ECF No. 73, in which Defendants join, ECF No. 78, and Plaintiffs have filed a Response. ECF No. 76. In this Objection, Intervenor-Defendants and Defendants seek to clarify a factual issue. At several points in the Report and Recommendation, Judge Clarke noted that Proclamation 7318, which established the Cascade-Siskiyou National Monument and whose standards concerning timber harvest were subsequently adopted by Proclamation 9564, "prohibits" commercial timber harvest. Intervenor-Defendants object that this language is overbroad.[1] The Court has reviewed the record in this case and concurs. Proclamation 7318 severely curtails, but does not entirely prohibit the commercial harvest of timber in the Cascade-Siskiyou National Monument, providing:

> The commercial harvest of timber or other vegetative material is prohibited, *except when part of an authorized science-based ecological restoration project aimed at meeting protection and old growth enhancement objectives. Any such project must be consistent with the purposes of this proclamation.* No portion of the monument shall be considered to be suited for timber production, and no part of the monument shall be used in a calculation or provision of a sustained yield of timber. Removal of trees from within the monument area may take place only if clearly needed for ecological restoration and maintenance or public safety.

---

[1] Intervenor-Defendants do not otherwise object to the Report and Recommendation and urge the Court to adopt Judge Clarke's legal analysis and conclusions.

Proclamation 7318, 65 Fed. Reg. 37249, 37250 (June 9, 2000) (emphasis added).

Any reference in the Report and Recommendation to a prohibition on commercial timber harvests in the Cascade-Siskiyou National Monument pursuant to Proclamation 7318 or Proclamation 9564 should therefore be understood to mean a "prohibition subject to the limited exception described in the text of Proclamation 7318." This clarification does not affect Judge Clarke's legal analysis, nor does it alter the Report and Recommendation's substantive conclusion.

Accordingly, the Court ADOPTS the Report and Recommendation as modified. Plaintiffs' Motion for Summary Judgment, ECF No. 39, is DENIED. Defendants' and Intervenor-Defendants' Cross-Motions for Summary Judgment, ECF Nos. 42, 44, are GRANTED. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this 5th day of September, 2019.

s/Michael J. McShane
MICHAEL McSHANE
United States District Judge